M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of assumpsit, brought by Russell against Barcroft, on a promissory note. The defendant plead non-assumpsit, and withdrew that at the trial. The second plea is, that Russell discharged Barcroft from the payment of the note. The next plea was, that Barcroft was ready to pay the money in the note; that Russell was unable to make a certain deed which he was bound to make. This plea was demurred to, and demurrer sustained. The last plea is a plea of discharge by Russell. To the third and fourth pleas issues were jpined, and found by the jury for Barcroft. On the trial, the counsel for the plaintiif moved the Court to instruct the jury, that there was no evidence that Joshua Barton had any authority from Russell t.o discharge Barcroft from the payment of said note j which the Court refused, but instructed the jury that said Barton had full power to release or discharge Barcroft. The plaintiff’s counsel then moved the Court to instruct the jury, that there is no lawful evidence that the said plaintiff did discharge the said defendant from his obligation in said note, which the Court refused.
The testimony upon which the motions were founded, are contained in a bill of exceptions, and it appears that the attempt was made to. prove, that Joshua Barton was the agent for Russell, and that he had power to release Barcroft from the payment of said note. The bill of exceptions states, that there was no other evidence, but that contained therein, given on either side 5 so that we clearly see what evidence was given. The first instruction prayed was, that there was no evidence of Barton having any power to discharge Barcroft. We think the Court was not bound to give this instruction, as prayed, in words, but in substance would have been sufficient. But the instruction of the Court was, that Barton had full power to release Barcroft. We have examined the testimony with attention, and can find no testimony, not even a particle which shows that he had any power from Russell to that effect. The instruction is wrong, even supposing the Court had the right to decide the question whether full power was proved or not. The second prayer was, that the Court should say there was no legal evidence of a discharge by Russell. The Court refused this. There surely is no evidence of a competent nature to prove a discharge 3 the prayer was, in substance, right. The prayer might have been more technical; and the refusal of the Court to declare that there was no competent evidence to that effect before the jury, was wrong.
The judgment is reversed, the cause sent back for a new trial.